UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

TIMOTHY R. DEFOGGI,                    :
                                       :
        Petitioner,                    :    Civ. No. 19-13666 (NLH)
                                       :
    v.                                 :    OPINION
                                       :
UNITED STATES OF AMERICA,              :
                                       :
        Respondent.                    :
                                       :

---

APPEARANCES:
Timothy R. DeFoggi, 56316-037
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se


John Andrew Ruymann, Chief, Civil Division
Susan R. Millenky, AUSA
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102
    Counsel for Respondent


HILLMAN, District Judge

    Petitioner Timothy DeFoggi, a prisoner presently confined

at FCI Fort Dix, New Jersey, filed this Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, arguing that he was

"wrongly convicted of at least (3) imaginary crimes." ECF No. 1

at 1 (emphasis in original). He filed a motion for immediate

relief and a motion to expedite. ECF Nos. 2, 10, & 16.

Respondent United States filed a Motion to Dismiss arguing that

the Petition should be dismissed for lack of jurisdiction.  ECF
No. 14.  Petitioner opposes the motion to dismiss.  ECF No. 15.
The Motion is now ripe for disposition.  For the reasons that
follow, the Court will grant the motion to dismiss.
Petitioner's motions will be terminated.

I.  BACKGROUND

A jury in the United States District Court for the District
of Nebraska convicted Petitioner of knowingly engaging in a
child exploitation enterprise, 18 U.S.C. § 2252A(g); conspiracy
to advertise child pornography,18 U.S.C. §§ 2251(d)(1),(e);
conspiracy to distribute child pornography, 18 U.S.C. §§
2252A(a)(2),(b)(1); and knowingly accessing a means or facility
of interstate commerce to view child pornography, 18 U.S.C. §
2252A(a)(5)(B).  United States v. DeFoggi, No. 8:13CR105 (D.
Neb. Jan. 6, 2015).  The Eighth Circuit reversed the
exploitation enterprise conviction and remanded for
resentencing.  United States v. DeFoggi, 839 F.3d 701, 709-11,
713 (8th Cir. 2016).

At resentencing, the district court gave Petitioner 75-
months for each of the affirmed convictions to be served
consecutively, resulting in a total term of 300 months.
DeFoggi, No. 8:13CR105 (D. Neb. Feb. 8, 2017) (amended judgment
of conviction).  The Eighth Circuit affirmed.  United States v.

DeFoggi, 878 F.3d 1102 (8th Cir.) (per curiam), cert. denied, 138 S. Ct. 2643 (2018).

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 raising sixteen ineffective assistance of counsel claims on September 4, 2018. The sentencing court denied the motion on September 11, 2018. United States v. DeFoggi, No. 8:13CR105, 2018 WL 4354951 (D. Neb. Sept. 11, 2018), judgment entered, No. 8:13CR105, 2018 WL 4361916 (D. Neb. Sept. 11, 2018). The Eighth Circuit denied a certificate of appealability. United States v. DeFoggi, No. 18-3172 (8th Cir. July 2, 2019). This § 2241 petition followed.

Petitioner argues that his convictions are invalid. He presents four grounds for this Court's review: (1) the indictment was unconstitutionally vague; (2) the District of Nebraska lacked jurisdiction over his criminal trial; (3) his trial and appellate counsels were ineffective[1]; and (4) the charges violated the First Amendment because the conduct at issue was only "fantasy." ECF No. 1 at 9-82.

Respondent United States now moves to dismiss the petition based on a lack of jurisdiction under § 2241. ECF No. 14. It argues the claims raised in the petition may only be brought in a § 2255 proceeding and that Petitioner does not qualify for the

---

[1] Petitioner's ineffective assistance of counsel claim has sixteen subparts. ECF No. 1 at 20-77.

savings clause of § 2255(e). Petitioner opposes the motion.

ECF No. 15.[2]

II. DISCUSSION

A. <u>Legal Standard</u>

Title 28, Section 2243 of the United States Code provides

in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to
> show cause why the writ should not be granted, unless
> it appears from the application that the applicant or
> person detained is not entitled thereto.

A <u>pro</u> <u>se</u> pleading is held to less stringent standards than

more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>,

429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520

(1972). A <u>pro</u> <u>se</u> habeas petition must be construed liberally.

<u>See</u> <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 243 (3d Cir. 2002).

B. <u>Analysis</u>

Section 2241 "confers habeas jurisdiction to hear the

petition of a federal prisoner who is challenging not the

validity but the execution of his sentence." <u>Coady v. Vaughn</u>,

251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity

of a federal conviction or sentence must be brought under 28

U.S.C. § 2255. <u>See</u> <u>Jackman v. Shartle</u>, 535 F. App'x 87, 88 (3d

---

[2] At Petitioner's request, the Court has reviewed all of his
submissions as part of this motion.

4

Cir. 2013) (per curiam) (citing <u>Okereke v. United States</u>, 307
F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly
prohibits a district court from considering a challenge to a
prisoner's federal sentence under § 2241 unless the remedy under
§ 2255 is 'inadequate or ineffective to test the legality of his
detention.'"  <u>Snyder v. Dix</u>, 588 F. App'x 205, 206 (3d Cir.
2015) (quoting 28 U.S.C. § 2255(e)); <u>see also</u> <u>In re Dorsainvil</u>,
119 F.3d 245, 249 (3d Cir. 1997).

Petitioner asserts this Court should exercise jurisdiction
over the merits of the petition because his constitutional
arguments are unresolved and the United States has "engaged in a
broad range of prosecutorial misconduct carried out through acts
of moral turpitude."  ECF No. 7 at 1.  <u>See</u> <u>also</u> ECF No. 9.  "A §
2255 motion is inadequate or ineffective only where the
petitioner demonstrates that some limitation or procedure would
prevent a § 2255 proceeding from affording him a full hearing
and adjudication of his wrongful detention claim."  <u>Cradle v.
U.S. ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002) (citations
omitted).  Petitioner's belief that "the Nebraska court's
decision was highly debatable and contrary to the facts
presented" does not mean § 2255 is inadequate or ineffective.
ECF No. 8 at 3.  "Section 2255 is not inadequate or ineffective
merely because the sentencing court does not grant relief . . .
."  <u>Cradle</u>, 290 F.3d 539.  <u>See</u> <u>also</u> <u>Litterio v. Parker</u>, 369 F.2d

5

395, 396 (3d Cir. 1966) (per curiam) (sentencing court's prior denial of identical claims does not render § 2255 remedy "inadequate or ineffective").

Moreover, prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner had prior opportunities to challenge the validity of the indictment, jurisdiction of the trial court, and any alleged prosecutorial misconduct either on direct appeal or during his § 2255 proceedings. Accordingly, the Court lacks

jurisdiction over the petition under § 2241. Petitioner's pending motion for an expedited ruling is now moot. ECF No. 10.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Eighth Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Eighth Circuit as it does not appear that he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Eighth Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the Petition brought pursuant to 28 U.S.C. § 2241 will be granted. Petitioner's motion for an expedited ruling shall be terminated. An appropriate order will be entered.

Dated: December 30, 2019            s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

7